UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KISSAIRIS VALERIO, | : | Civil Case No. |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | **VERIFIED COMPLAINT** |
| | : | |
| METROPOLITAN TRANSPORTATION | : | |
| AUTHORITY; | : | |
| | : | |
| *Defendant.* | : | Trial by Jury |
| | : | |

Plaintiff, Kissairis Valerio, by and through her attorneys, Wolin & Wolin, complaining of the defendant, Metropolitan Transportation Authority, alleges as follows:

### Introduction

1.      This is an action, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; New York State Executive Law § 296 and § 297; and New York City Administrative Code  § 8-107 for employment discrimination based upon race/color (Black Hispanic), gender (Female), and national origin (Dominican).  Plaintiff alleges that, by its actions described herein, defendant has discriminated against her because of her race/color, gender and national origin.

2.      The actions undertaken against plaintiff were representative of the defendant's general actions and practices which discriminate against African American Hispanic females in hiring, promoting and job retention.

3.      Plaintiff seeks appropriate relief to redress the wrongdoing complained of

herein.

### Statement Pursuant to Local Rule 9

4.      For purposes of complying with Local Rule 9, plaintiff states that she has no corporate parent, subsidiary, or affiliate and that there are no other interested parties.

### Jurisdiction & Venue

5.      Jurisdiction of the Court over this controversy is based upon 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, 1343 and 1346 and the Court's supplemental jurisdiction.

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.

### Jury Demand

7.      Plaintiff demands a trial by jury in this action on each and every one of her claims.

### Parties

8.      Plaintiff, at all times relevant hereto, was and still is a resident of the State of New York, County of New York and a citizen of the United States of America.

9.      Defendant Metropolitan Transportation Authority ("MTA") was and still is a public authority operating under and by virtue of the laws of the State of New York and maintaining a principal place of business in the City, County and State of New York at 2 Broadway.

10.     Defendant, at all times relevant hereto, was and still is in the business of providing interstate public transportation services by rail and as defined pursuant to 49 U.S.C.

§ 5331 and 49 C.F.R. § 655 *et seq.*  In furtherance of said business purpose, defendant maintains and operates a Police Department and employs Police Officers.

11.     Defendant is a public authority engaged in an industry and/or activity affecting commerce, as defined in 42 U.S.C. § 2000e(g)(h).

12.     At all relevant times, defendant had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  Therefore, defendant is an "employer" for purposes of 42 U.S.C. § 2000e *et seq.* and other relevant statute.

### Exhaustion of Administrative Remedies

13.     On or about March 18, 2022, plaintiff filed a written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") assigned Charge No. 520-2022-07098.

14.     In said Charge of Discrimination, plaintiff alleged that defendant had discriminated against her on account of her race, gender and national origin.

15.     On or about December 15, 2022, the EEOC issued a Determination and Notice of Rights.  Said notice advised plaintiff of her right to file an action against defendant in the appropriate federal court within ninety (90) days of her receipt thereof.

16.     Plaintiff has filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

17.     On or about March 18, 2022, plaintiff also caused a Notice of Claim to be served upon defendant, pursuant to Public Authorities Law of the State of New York and other statute.

In the Notice of Claim, plaintiff claimed that defendant had discriminated against her based upon her race, gender and national origin.

18.     More than thirty (30) days have lapsed since plaintiff served the Notice of Claim and the claim remains open and unpaid.

### Facts

19.     Plaintiff was appointed  as a Police Officer with defendant's Police Department on April 21, 2021.   Plaintiff's employment was subject to a one-year probationary period.

20.     Plaintiff continued to be employed as a Police Officer with defendant when, in a letter dated February 22, 2022, Gary Beahan, Acting Chief of Police, informed her that her employment with defendant was terminated effective February 23, 2022.  The letter did not provide a specific justification for the termination of plaintiff's employment.  It simply stated she was being terminated "due to unsatisfactory probationary employment."

21.     Plaintiff's performance during her employment was not unsatisfactory.  The reason offered by Acting Chief Beahan was false and was nothing more than an illegitimate attempt to cover up the real reason for plaintiff's termination. Plaintiff was terminated because she is a Black Hispanic female.

22.     Plaintiff's record, before she became employed by defendant, was impeccable. She was successfully employed as a Correction Officer by the New York City Department of Corrections ("DOC") for approximately three years, from 2017 to 2020.  During that time, plaintiff did not have any disciplinary issues and her performance was good.  Plaintiff voluntarily left the DOC in order to become employed by defendant.

-4-

23.     Immediately prior to being employed by the DOC, plaintiff was employed as a paraprofessional by the New York City Department of Education ("DOE").   She worked at various schools, including the New York Harbor School on Governors Island. Plaintiff was employed by the DOE for approximately three years, from 2015-2017. Again, her performance was good and she was not disciplined.

24.      From 2012-2014, plaintiff was employed by the New York County District Attorney's Office as a college aid.   She worked in various bureaus and reported to many individuals.  Again, plaintiff's performance was good.

25.     During plaintiff's employment with these municipal agencies, she was never a problem employee, was not told she had an attitude problem, and was never terminated.

26.     Plaintiff was eager to become a Police Officer with defendant and believed that she had the skills to succeed.  She always had a positive attitude and the ability to accept feedback.

27.     Upon becoming employed by defendant, plaintiff had to attend the police academy.  Defendant utilizes the New York City Police Department's Academy.  During plaintiff's time in the Academy, she had frequent contact with Julie Cutrone, the MTA Recruit Liaison Officer, who is, upon information and belief, Caucasian.

28.     During this time, plaintiff was constantly harassed by Recruit Liasion Officer Cutrone for no justified reason and it appeared Recruit Liasion Officer Cutrone was going out of her way to harass plaintiff and make plaintiff's Academy experience as unpleasant as possible.

29.     Recruit Liasion Officer Cutrone attempted, without justification, to label plaintiff as having a poor attitude, which plaintiff believes was a disguise for discriminatory intent. Recruit Liasion Officer Cutrone, on several occasions, advised plaintiff that she needed to "fix her fucking face."  On other occasions, Recruit Liasion Officer Cutrone treated plaintiff with disrespect in front of plaintiff's academy mates.

30.      During plaintiff's Academy training, she suffered a hip and knee injury in May 2021 and had to undergo surgery for another matter in July 2021.  These conditions caused plaintiff to being restricted from performing certain activities for a period of time.

31.     Recruit Liasion Officer Cutrone gave plaintiff  a difficult time when she was unavoidably placed on medical restrictions from performing certain activities in the Academy. Recruit Liasion Officer Cutrone, on several occasions, refused to clear plaintiff to return to full duty, despite plaintiff having been cleared by the MTA physician.

32.     On another occasion, in September 2021, plaintiff fainted because the vest she was given was too tight.  Recruit Liasion Officer Cutrone, inexplicably, asked plaintiff  if she was taking drugs.

33.     On another occasion, Recruit Liasion Officer Cutrone removed plaintiff as the Company Sergeant and replaced her with a male Caucasian.

34.     Plaintiff had to complain to the Guardians Association, a fraternal association representing African American and Hispanic Police Officers, about Recruit Liasion Officer Cutrone's conduct.

35.     Plaintiff graduated from the Academy on October 27, 2021.  Plaintiff's grades at

the Academy were high.

36.     There were forty-six (46) recruits in plaintiff's class.  Five (5) were Hispanic and/or Black females, including plaintiff.  Two (2) were treated poorly by Recruit Liasion Officer Cutrone and were recycled into a later class.  None of the males or Caucasians were recycled and, upon information and belief, none were treated poorly by Recruit Liasion Officer Cutrone.

37.     Plaintiff was then assigned to District 6 for her Field Training Program.  During her Field Training, plaintiff was assigned to a Field Training Officer ("FTO") who regularly submitted observation reports of her performance.  These field training reports were highly complimentary of plaintiff's  performance.  On a rating scale of 1 to 7, with 7 being superior, plaintiff regularly received 5s and 6s.

38.     During plaintiff's later evaluations, in December 2021, the following are some of the comments that her FTO wrote – "PPO Valerio has very good communication skills;" "PPO Valerio accepts FTO feedback and does her best to correct herself;" and "PPO Valerio has positive attitude toward police work."

39.     On December 21, 2021, plaintiff's field training officer noted that plaintiff had successfully completed her field training program and recommended plaintiff for advancement.

40.     Recruit Liasion Officer Cutrone continued to haunt plaintiff.  On December 16, 2021, Joseph McGrann, then Acting Chief, issued a "Notice of Intent to Discipline" to plaintiff.  This event was orchestrated by Recruit Liasion Officer Cutrone arising from plaintiff's need to

have an emergency visit with her dentist on October 21, 2021.  This was the only disciplinary action plaintiff received during her employment.

41.     Plaintiff submits that this incident could not have justified her eventual termination.

42.     After plaintiff completed field training, she was assigned to District 5.  Plaintiff's time in District 5 was uneventful and she was properly performing her duties.

43.      Thereupon, plaintiff received Acting Chief Beahan's letter of dismissal dated February 22, 2022.

44.     Defendant terminated plaintiff because she is a Black Hispanic female.

45.      The percentage of Black Hispanic female officers employed by defendant is very small.  Defendant perpetuates a discriminatory environment against Black Hispanic females and that is why plaintiff was terminated.

46.     Other non-Black, non-Hispanic, and male probationary officers in defendant's employ committed acts far worse than anything that plaintiff could be accused of, yet those officers were not terminated and were permitted to continue as officers.  These acts included sleeping on duty, losing a duty belt with gun, losing equipment, and losing ID and shield.

47.     Plaintiff asserts that defendant's actions have no legitimate employment purpose, but, instead, were motivated by illegitimate and unlawful reasons.  Defendant did not act in good faith.

48.     Plaintiff further alleges that defendant could not honestly be dissatisfied with her  performance, especially in light of her documented acceptable job performance.

49.     By its actions, defendant treated plaintiff differently from other employees on account of her race/color, national origin, and gender and discriminated against her in compensation, terms, conditions, and privileges of employment.

**Count I**

**Intentional Discrimination (Race/Color)**
**Title VII of the Civil Rights Act of 1964,**
**as amended, 42 U.S.C. § 2000e *et seq*.**

50.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in that they constitute unlawful employment practices on account of plaintiff's race/color.

51.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

52.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

53.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race/color, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation

and was otherwise greatly damaged.

54.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count II

**Intentional Discrimination (Race/Color)**
**New York State Executive Law §§ 296 and 297**

55.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's race/color.

56.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

57.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

58.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race/color, plaintiff has suffered economic loss, including past, present

and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

59.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count III

### Intentional Discrimination (Race/Color)
### New York City Administrative Code § 8-107

60.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's race/color.

61.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code § 8-107.

62.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

63.     By reason of the  policies, patterns, practices and actions of defendant, as

described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's race/color, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

64.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count IV

### Intentional Discrimination (Gender)
### Title VII of the Civil Rights Act of 1964,
### as amended, 42 U.S.C. § 2000e *et seq.*

65.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in that they constitute unlawful employment practices on account of plaintiff's gender.

66.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

67.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged

nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

68.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's gender, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

69.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count V

### Intentional Discrimination (Gender)
### New York State Executive Law §§ 296 and 297

70.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's gender.

71.     By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

72.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

73.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's gender, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

74.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count VI

### Intentional Discrimination (Gender)
### New York City Administrative Code § 8-107

75.     Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's gender.

76.     By its actions, defendant intentionally discriminated against plaintiff in

compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code § 8-107.

77.     Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.    Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

78.     By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's gender, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

79.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count VII

**Intentional Discrimination (National Origin)**
**Title VII of the Civil Rights Act of 1964,**
**as amended, 42 U.S.C. § 2000e _et seq_.**

80.     Plaintiff alleges that the complained of  policies, patterns, practices and actions

of defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., in that they constitute unlawful employment practices on account of plaintiff's national origin.

81.    By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

82.    Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.   Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

83.    By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's national origin, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

84.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count VIII**

**Intentional Discrimination (National Origin)**
**New York State Executive Law §§ 296 and 297**

85.    Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York State Executive Law §§ 296 and 297, in that they constitute unlawful employment practices on account of plaintiff's national origin.

86.    By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

87.    Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.    Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

88.    By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's national origin, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

89.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's

fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count IX**

**Intentional Discrimination (National Origin)**
**New York City Administrative Code § 8-107**

90.    Plaintiff alleges that the complained of policies, patterns, practices and actions of defendant violates New York City Administrative Code § 8-107, in that they constitute unlawful employment practices on account of plaintiff's national origin.

91.    By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code § 8-107.

92.    Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified.  Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

93.    By reason of the  policies, patterns, practices and actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's national origin, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to her reputation among her peers; embarrassment; humiliation and was otherwise greatly damaged.

94.    By reason of the foregoing, plaintiff has become entitled to appropriate

injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Prayer for Relief**

WHEREFORE, plaintiff respectfully requests that judgment be entered in her favor and against defendant on each and every count hereinbefore pled, awarding her appropriate injunctive, equitable and declaratory relief, including reinstatement to her former position together with back pay; an award of compensatory and other appropriate damages; attorney's fees; expert fees; and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

Dated: Jericho, New York
March 6, 2023

WOLIN & WOLIN

*Alan E. Wolin*
By: Alan E. Wolin, Esq.
*Attorney for Plaintiff*
420 Jericho Turnpike, Suite 215
Jericho, New York 11753
Tel.: (516) 938-1199
Fax: (516) 938-1178
Email: wolinlaw@aol.com

## Verification

State of New York   )
               )ss.:
County of *New York*

      KISSAIRIS VALERIO, being duly sworn, deposes and says:

      I am the plaintiff in the within action and I have read the foregoing document and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

                                        _____
                                        KISSAIRIS VALERIO

Sworn to before me this
6ᵗʰ day of March, 2023

_____
Notary Public

MASIBEH TRAWALLY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01TR6367528
Qualified in Bronx County
My Commission Expires *11-20-2025*

*Certificate filed with NY county*